FILED
MAY - 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Barbara M. Bush, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11 /838 |
| Cheryl Burrichter *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

The plaintiff, a resident of Hyattsville, Maryland, sues six apparent employees of the U.S. Department of Housing and Urban Development in Washington, D.C., for allegedly refusing to process her housing discrimination complaint. *See* Federal Housing Complaint/Discrimination/ Treatment Under 42 U.S.C. § 3601 and 42 U.S.C. § 3602 (Copy of Rough Draft Attached). She

seeks $1,500 "for emotional distress . . . ." *Id.* at 5. The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the amount in controversy is well below the statutory minimum. It therefore will be dismissed.[1]

/s/ Royce B. Lamberth
United States District Judge

DATE: April 30, 2011

---

[1] A separate Order accompanies this Memorandum Opinion.